UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CARL GEE,

                             Plaintiff,

                                                                          9:16-CV-1040
     v.                                                                  (NAM/ATB)

ANTHONY J. ANNUCCI, et al.,

                             Defendants.
_____

APPEARANCES:

CARL GEE
98-B-1658
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

NORMAN A. MORDUE, Senior United States District Judge

**DECISION AND ORDER**

**I.    INTRODUCTION**

      Plaintiff Carl Gee commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 2 ("IFP Application"). Plaintiff named four defendants in his complaint: Anthony J. Annucci, Commissioner of the New York State Department of Corrections and Community Supervision ("DOCCS"); Stephen O'Brien, Monroe County Assistant District Attorney; Vincent M. Dinolfo Monroe County Court Judge; and Shirley Troutman, Appellate Division Fourth Department Judge. Compl. at 1-2. Construed liberally, the complaint alleged that defendants violated plaintiff's rights by using,

disseminating, or failing to correct misinformation contained in plaintiff's records. *Id.* at 4. Plaintiff requested injunctive and declaratory relief. *Id.* at 15. By Decision and Order filed October 12, 2016, plaintiff's IFP Application was granted, but the Court found that the complaint failed to state a claim upon which relief may be granted, and therefore was subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 4 (the "October 2016 Order"). In light of his pro se status, plaintiff was provided an opportunity to submit an amended complaint. *Id.* at 12-13. Presently before the Court is plaintiff's amended complaint. Dkt. No. 6 ("Am. Compl.").

## II. DISCUSSION

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October 2016 Order and will not be restated here. *See* October 2016 Order at 2-4.

Plaintiff has submitted an amended complaint in response to the October 2016 Order, naming the same four defendants named in the original complaint. Dkt. No. 6 ("Am. Compl."). In the amended complaint, plaintiff again alleges that information contained in his criminal records and DOCCS records is incorrect. *See generally* Am. Compl. Specifically, plaintiff alleges that the "misinformation is a November 12, 1985 conviction to a sentence of four to twelve years from Nassau County Court." *Id.* at 3. Plaintiff alleges that this "false information . . . was generated by the Monroe County District Attorney['s] [O]ffice, and is maintained in their system of records." *Id.* Plaintiff also alleges that the misinformation is contained in DOCCS records. *Id.* at 3-4.

Taking into account plaintiff's pro se status, the Court construes the allegations in plaintiff's amended complaint with the utmost leniency. *See, e.g.*, *Haines v. Kerner*, 404 U.S.

519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers."). Despite this liberal reading, for the reasons discussed below, a review of plaintiff's amended complaint reveals that it does not cure the deficiencies identified in the original complaint and fails to state a claim upon which relief may be granted against the named defendants.

### 1. Defendant Annucci

After reviewing the original complaint, the Court found that even if plaintiff's allegations against defendant Annucci were accepted as true and all inferences were drawn in plaintiff's favor, the claims failed because (1) the Second Circuit has not recognized that prisoners have a constitutional right to have incorrect information expunged from their files; (2) the filing of a false report does not rise to the level of a constitutional violation; (3) defendant Annucci cannot be liable for any alleged constitutional injury suffered as a result of false information received from external sources; (4) plaintiff has repeatedly challenged in state court the accuracy of the information contained in his records and has lost his challenge on each occasion; and (5) plaintiff's claim that defendant Annucci will in the future provide the alleged misinformation to the Parole Board, who will in turn rely on the alleged misinformation to plaintiff's detriment, was speculative at best. October 2016 Order at 10-12.

In the amended complaint, plaintiff alleges that his DOCCS' records include "misinformation" - namely a reference to "a November 12, 1985 conviction to a sentence of four to twelve years from Nassau County Court." Am. Compl. at 3. Plaintiff also alleges that DOCCS "has already increased the plaintiff's criminal history score based on the misinformation." *Id.* at 4. As with the original complaint, the amended complaint contains no facts to plausibly suggest that plaintiff's DOCCS' records are not accurate. Indeed, the

3

exhibits attached to the amended complaint demonstrate the opposite - that the alleged misinformation is *not* in contained in the DOCCS' records. *See* Dkt. No. 6-1 at 2-3 (noting that DOCCS' records "do not have a sentence and judgment of conviction entered on November 12, 1985, to 4 to 12 years, and inmate Carl Gee never served a sentence[ ] and judgment of conviction reflecting these terms in DOCCS from Nassau County").[1]

Accordingly, for these reasons, and for all of the reasons set forth in the October 2016 Order, plaintiff fails to state a claim against defendant Annucci and all claims against him are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 2. Defendant O'Brien

Plaintiff's claims against defendant O'Brien were dismissed because plaintiff's request for prospective declaratory or injunctive relief against defendant O'Brien was not supported by facts to plausibly suggest that the information that plaintiff wanted expunged from his criminal records was incorrect. October 2016 Order at 7-9.

In his amended complaint, plaintiff now provides a copy of a Persistent Violent Offender Information dated July 1, 1998, allegedly filed by the Monroe County District Attorney in the course of a criminal proceeding against plaintiff in Monroe County Court. Dkt. No. 6-1 at 5. The document contains the allegedly false information at issue here - namely it lists as a predicate offense a Nassau County judgment of conviction for Second Degree Robbery with a sentence of four to twelve years. *Id.* Plaintiff alleges that defendant O'Brien "has supervisory authority of county records [but has] refused to correct the information."

---

[1] Moreover, plaintiff himself states that "DOCCS is without authority to filter out any statements contained in defendants O'Brien and Dinolfo documents."). Am. Compl. at 4.

4

Am. Compl. at 3.[2]  However, even if the Court accepts these allegations as true, defendant O'Brien's alleged failure to correct false entries in county records does not rise to the level of a constitutional violation and is not a cognizable claim under Section 1983.  *See Moore v. Casselberry*, 584 F. Supp. 2d 580, 582 (W.D.N.Y. 2008) ("There is no basis for a constitutional claim alleging the mere filing of a false report.") (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); see also *LaBounty v. Coombe*, 208 F.3d 203 (2d Cir. 2000) (summary order) (The Second Circuit has not recognized that prisoners have a constitutional right to have incorrect information expunged from their files).

Accordingly, for these reasons, and for all of the reasons set forth in the October 2016 Order, plaintiff fails to state a claim against defendant O'Brien and all claims against him are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 3. Defendants Dinolfo and Troutman

The October 2016 Order stated as follows:

> Judges are immune from suits for damages arising out of judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988).  The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judicial officer be deprived of immunity "because the action he took was in error or was in excess of his authority."  *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted).  This immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction."  *Id.* at 11-12.
> Although judges are not absolutely immune from actions for prospective injunctive relief, under the Federal Courts Improvement Act of 1996, injunctive relief against a judicial actor is limited to situations in which a declaratory decree was violated or where declaratory relief was unavailable. *Montero v. Travis*, 171 F. 3d 757, 761 (2d Cir. 1999) (citing the Federal Courts Improvement Act of 1996, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983)); *see also Hili v. Sciarrotta*, 140 F.3d 210, 215 (2d Cir. 1998).

---

[2]  In the original complaint, plaintiff alleged that defendant O'Brien represented the State of New York in "a series of unsuccessful CPL § 440.20 motions file[d] [by plaintiff] in the Monroe County Court" seeking "to correct this misinformation."  Compl. at 6.

5

> Plaintiff does not allege that defendants Dinolfo and Troutman violated a declaratory decree, and there is nothing in the complaint to plausibly suggest that declaratory relief was unavailable. "Indeed, declaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order." *Caldwell v. Pesce*, 83 F. Supp. 3d 472, 484 (E.D.N.Y. 2015), *aff'd,* 639 F. App'x 38 (2d Cir. 2016) (citing *Ashmore v. Prus*, No. 13-CV-2796, 2013 WL 3149458, at *4 (E.D.N.Y. June 19, 2013) (citing *LeDuc v. Tilley*, No. 05-CV-0157, 2005 WL 1475334, at *7 (D. Conn. June 22, 2005) (citing cases))). Plaintiff did use the appellate process in state court. *See* Dkt. No. 1-1 at 26-29. Moreover, to the extent that plaintiff seeks a declaration that defendants Dinolfo and Troutman did not have "safeguards" in place to prevent the "data entry error" in plaintiff's Predicate Statement, he essentially seeks to correct past harm and the claim fails. *See Ippolito*, 958 F. Supp. at 165 ("[C]ourts are not obliged to entertain actions for declaratory judgment not seeking prospective relief but merely declaring past wrongs.").

October 2016 Order at 9-10.

Plaintiff's claims against defendants Dinolfo and Troutman are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for the same reasons set forth in the October 2016 Order.

## III. CONCLUSION

After reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action against the named defendants. For all of the reasons set forth herein and in the October 2016 Order, and because plaintiff has already had one opportunity to amend his claims, plaintiff's Section 1983 claims are dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**WHEREFORE**, it is hereby

**ORDERED** that to the extent that plaintiff asserts claims under Section 1983, this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted against the named

6

defendants. Plaintiff's state law claims, if any, are **DISMISSED without prejudice**, but without leave to replead in this action. The Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: January 4, 2017
Syracuse, NY

Norman A. Mordue
Senior U.S. District Judge